2021R00783/AMT

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Julien Xavier Neals |
| | : | |
| v. | : | Crim. No. 21-754 |
| | : | |
| RUBY BARONI | : | 18 U.S.C. § 1343 26 U.S.C. § |
| | : | 7206(1) |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

### COUNT 1
**(Wire Fraud)**

### BACKGROUND

1.      At various times relevant to this Information:

a.      Company-1 was a for-profit guided-tour operator incorporated in New Jersey, with its principal place of business in East Rutherford, New Jersey.

b.      Bank-1 was a financial institution headquartered in Cherry Hill, New Jersey with multiple branch locations in New Jersey, including a branch location in East Rutherford, New Jersey (the "East Rutherford Bank-1 Branch").

c.      Company-1 maintained a business checking account at Bank-1 (the "Company-1 Checking Account").

1

2021R00783/AMT

   d. The defendant, RUBY BARONI, was employed as an Accounting Manager at Company-1 from in or about 2007 through in or about August 2016.  As an Accounting Manager, BARONI was authorized to issue checks from the Company-1 Checking Account to pay for legitimate Company-1 expenses.

   e. Estela Laluf, a separately charged defendant, was employed by Company-1 from in or about 1989 through in or about August 2016.  From in or about 1996 through in or about August 2016, Laluf held a management position at Company-A.  In that position, Laluf was responsible for, among other things, arranging for various Company-A employees and independent contractors to receive payment.

   f. Neither BARONI, Laluf, nor any other Company-1 employee was authorized by Company-1 to convert funds from the Company-1 Checking Account to their personal use.

## THE SCHEME AND ARTIFICE TO DEFRAUD

   2. From in or about October 2010 through in or about August 2016, in the District of New Jersey, and elsewhere, the defendant,

## RUBY BARONI,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud Company-1, and to obtain money and property from Company-1, by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and

2021R00783/AMT

attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including a wire communication from inside New Jersey to outside New Jersey, as more fully set forth below.

**MANNER AND MEANS**

3.      It was part of the scheme and artifice to defraud that:

a.      Throughout the scheme, Laluf regularly instructed BARONI to issue checks drawn against the Company-1 Checking Account made payable to various actual Company-1 employees and contractors (the "Fraudulent Checks"). None of the Fraudulent Checks reflected any legitimate services or labor provided by these employees or contractors to Company-1.

b.      After issuing the Fraudulent Checks, BARONI cashed them at various Bank-1 locations in or around New Jersey.

c.      BARONI and Laluf then converted the resulting cash to their personal use.

2021R00783/AMT

4.     On or about May 12, 2016, for the purpose of executing the scheme and artifice to defraud, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**RUBY BARONI,**

did knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, namely, a Fraudulent Check at the East Rutherford Bank-1 Branch, which electronic transmission was sent from the East Rutherford Bank-1 Branch to a Bank-1 facility in Maine.

In violation of Title 18, United States Code, Section 1343.

2021R00783/AMT

## COUNT 2
### (Making and Subscribing a False Tax Return)

1.      The allegations in paragraph 1, 2, and 3 of Count One of this Information are realleged here.

2.      At all times relevant to this Information:

       a.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States and collecting the taxes that were due and owing to the Treasury of the United States by its citizens and residents.

       b.      The tax laws of the United States required every citizen and resident of the United States who received income in excess of the minimum filing amount established by law for a particular tax year to make and file annually an accurate and truthful U.S. Individual Income Tax Return, Form 1040 (a "Personal Tax Return"), wherein the taxpayer reported items including income, deductions, and tax due and owing.

3.      BARONI signed under penalty of perjury, filed, and caused to be filed with the IRS a Form 1040 for tax year 2016.  That return was not true and correct as to every material matter because, for the tax year 2016, BARONI intentionally and fraudulently failed to report income she derived from the scheme charged in Count One of this Information and, instead, claimed an income loss of $2,508.

2021R00783/AMT

4.      On or about October 25, 2017, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

**RUBY BARONI,**

did knowingly and willfully make and subscribe and file and cause to be filed with the Internal Revenue Service a U.S. Individual Tax Return, Form 1040, for the tax year 2016, which was verified by a written declaration that it was made under the penalties of perjury, and which she did not believe to be true and correct as to every material matter, in that the Form 1040 reported on Line 43 taxable income of negative $2,508, which she knew to be false.

In violation of Title 26, United States Code, Section 7206(1).

2021R00783/AMT

## <u>FORFEITURE ALLEGATION</u>

1.      The allegations in this Information are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2.      Upon conviction of the offense charged in Count One of this Information, the defendant,

<b>RUBY BARONI,</b>

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of the said offense, and all property traceable thereto.

### <u>Substitute Assets Provision</u>

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third person;

     c.      has been placed beyond the jurisdiction of the Court;

     d.      has been substantially diminished in value; or

2021R00783/AMT

    e.    has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of

the defendant up to the value of the above forfeitable property.


_____

RACHAEL A. HONIG

ACTING UNITED STATES ATTORNEY